Argued and submitted June 16, 1982, reversed and remanded January 12, 1983

## DIAMOND R. LIVESTOCK EQUIPMENT,
*Respondent,*

*v.*

## AARON LEASING COMPANY,
*Appellant.*

(No. 80-1-1018, CA A23131)

656 P2d 384

Brad Littlefield, Portland, argued the cause and filed the brief for appellant.

Lawrence B. Rew, Pendleton, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

Defendant appeals from a judgment entered on a "substituted verdict" (apparently intending a judgment n.o.v.) in an action to recover the sum paid to it by plaintiff as the first month's rent and as a security deposit on a lease of equipment. The lease was signed by both parties, but called for the personal guarantees of two of plaintiff's principals. Plaintiff was unable to obtain the signature of one of the guarantors and advised defendant that it would not go ahead with the lease. Defendant contended that it was entitled to retain the rent and security deposit as liquidated damages under the lease, because plaintiff's failure to provide the guarantee constituted a breach of their contract to consummate the lease. Plaintiff's contention was that obtaining the two guarantees was a condition precedent to the formation of the contract. There is no contention that the written lease answers the question presented, because whatever the arrangement was with respect to the guarantees, it was oral.

Both parties testified without objection as to their understanding of the agreement. Plaintiff's motion for a directed verdict was denied, and the jury awarded plaintiff the amount of the first month's rent only. On plaintiff's motion for a "substituted verdict," the trial court set aside the verdict and entered a "Judgment on Substituted Verdict," awarding plaintiff the full amount retained by defendant.[1]

Whether obtaining the two personal guarantees was a condition precedent or was a promise that plaintiff breached depends on the intention of the parties, which is a question of fact when the evidence is conflicting, as it is here. There was evidence that defendant understood that the parties had entered into a binding contract. *Phillips v. Johnson,* 266 Or 544, 552-53, 514 P2d 1337 (1973). Therefore, the jury's verdict must be reinstated. *Jacobs v. Tidewater Barge Lines,* 277 Or 809, 562 P2d 545 (1977).

---

[1] Seemingly, under the parties' legal theories plaintiff is entitled to recover all of the money or none of it. The jury's verdict appears to be inconsistent with both parties' theories. We do not purport to understand the verdict, but the verdict was not challenged on the ground that it was inconsistent. This is the second trial of this case, the first trial having been to the court, resulting in a judgment for plaintiff. A new trial was granted because no record was made of the proceedings.

Reversed and remanded with instruction to vacate the "Judgment on Substituted Verdict," reinstate the jury verdict and enter judgment thereon.